# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE C. PENDLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY, SPOKANE COUNTY PUBLIC DEFENDERS OFFICE, MOLLY NAVE and JAY AMES,<br><br>    Defendants. | NO: 2:18-CV-0243-TOR<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 21. Plaintiff, a pretrial detainee at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds it fails to cure the deficiencies of the initial complaint.

Plaintiff adds Spokane County Chief Executive Officer Gerry Gemmill, the Director of the Spokane County Public Defenders' Office, and the Spokane County

ORDER DISMISSING FIRST AMENDED COMPLAINT ~ 1

Superior Court as Defendants. He asserts there is an "operating custom" of allowing the Spokane County Public Defenders' Office to maintain high to excessive caseloads and of failing to monitor the trial and vacation schedules of Assistant Public Defenders which allegedly resulted in Plaintiff's receipt of ineffective assistance of counsel and the loss of his speedy trial rights.

## SECTION 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

## PLAINTIFF'S ALLEGATIONS

Plaintiff states that Defendant Spokane County Superior Court appointed Defendant Molly Nave, a Public Defender with the Spokane County Public Defenders' Office, to represent Plaintiff in an unspecified criminal matter on June 7,

2018. ECF No. 21 at 9-10. According to Plaintiff's attachments, these charges include one count of first degree identity theft; ten counts of second degree identity theft; five counts of forgery; and one count of first degree perjury. *Id.* at 22. Defendant Nave was provided 2,300 pages of discovery on June 14, 2018, with a scheduled trial date of July 23, 2018. *Id.*

Plaintiff complains that Defendant Nave failed to meet with him or work on his case "due to [an] excessive case load of 89 other clients." *Id.* at 10. Plaintiff asserts that "several other trial dates" impeded this attorney's ability to represent Plaintiff and she waited more than thirty days to advise the court of these alleged impediments. *Id.* Plaintiff contends that this attorney should have immediately withdrawn her representation, but instead, she sought continuances over Plaintiff's objections. *Id.* at 10-11. As a result, Plaintiff asserts his speedy trial rights were lost. *Id.* at 11.

Plaintiff states he contacted Defendant Nave's Supervisor, Defendant Jay Ames, several times by phone because Defendant Nave failed to contact Plaintiff prior to his arraignment on June 12, 2018, after Plaintiff left messages for her on June 6, 7, and 8, 2018. *Id.* at 11. Plaintiff complains Defendant Ames scheduled Defendant Nave to represent Plaintiff "knowing she had 89 other clients, trials in July and another August vacation 8/4-8/29/18 scheduled." *Id.* Plaintiff contends that Defendant Ames' failure to "schedule adequate, available counsel," and the

failure of Defendants Spokane County, Gerry Gemmill, and Thomas Krzyminski to provide "adequate monitoring of attorneys caseloads, trial and vacation schedules, as well as the failure to alleviate the high case load operations" subjected Plaintiff to "inadequate counsel" *Id.* at 11-12. Plaintiff also accuses Defendants Spokane County Court, Molly Nave, Jay Ames, and Thomas Krzyminski, of failing to follow Court Rules, CrR 3.1(D)(4), requiring them to manage and monitor caseloads and availability. *Id.* at 12.

Plaintiff seeks declaratory and monetary relief, as well as injunctive relief, claiming Sixth and Fourteenth Amendment violations; liability under *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978); as well as a "negligent supervision" claim. He asks this Court to order Spokane County to properly manage the Spokane County Public Defenders' Office and monitor the case loads of each Public Defender, including trial and vacation schedules, to enable the Public Defender to properly represent clients.

## JUDICIAL IMMUNITY

Plaintiff's claims against the Spokane County Superior Court are barred by judicial immunity. Judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (citation omitted). The appointment of counsel for an indigent Defendant is clearly a judicial act. A judge remains immune from suit even if the

action was taken in error, done maliciously, or in excess of authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). Plaintiff has alleged no facts indicating the Spokane County Superior Court acted in the "clear absence of all jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 544 (1967).

Furthermore, the Spokane County Superior Court, as an entity, is not a person for purposes of 42 U.S.C. § 1983 liability. *See Simmons v. Sacramento Cty. Sup. Ct.,* 318 F.3d 1156, 1161 (9th Cir. 2003). Therefore, Plaintiff has failed to state a claim upon which relief may be granted against the Spokane County Superior Court.

**PUBLIC DEFENDERS**

Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, she does not act under color of state law. *See Polk County v. Dodson,* 454 US. 312, 325 (1981), *holding limited on other grounds by West v. Atkins,* 487 U.S. 42 (1988); *Miranda v. Clark Cty. Nevada*, 319 F.3d 465,468 (9th Cir. 2003) (*en banc*) (even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor). As previously noted, Plaintiff's allegations against Ms. Nave and her supervisor, Mr. Ames, regarding the representation he received, do not state a cognizable claim under 42 U.S.C. § 1983. Likewise, Plaintiff has failed to state a cognizable § 1983 claims against the Spokane County Public Defenders' Office.

## SPOKANE COUNTY, SPOKANE COUNTY CHIEF EXECUTIVE OFFICER AND DIRECTOR OF SPOKANE COUNTY DEFENDERS' OFFICE

Plaintiff complains that Defendant Spokane County allowed the Public Defenders' Office "to operate at high case load limits for months, at times exceeding case load limits." *Id.* at 9. He states that Defendants Thomas Krzyminksi, Director of the Spokane County Public Defenders' Office, and Gerry Gemmil, Spokane County's Chief Executive Officer, were aware of this "operating defect," but their "operating custom" of failing to manage, monitor, and oversee caseloads, as well as trial and vacation schedules, resulted in the assignment of Defendant Nave to represent Plaintiff. ECF No. 21 at 9-10 & 13. He seeks to impose *Monell* liability.

Plaintiff alleges no facts from which the Court could infer the deliberate failure to provide adequate funding and monitoring which has resulted in a systemic failure to provide effective assistance of counsel to indigent persons charged with crimes, *see Wilbur v. City of Mount Vernon,* 989 F.Supp. 2d 1122, 1132-34 (W.D. Wash. 2013). Plaintiff offers only his assertion that appointed counsel was ineffective and contributed to the loss of his speedy trial rights, and newspaper articles indicating measures being taken to deal with increasing caseloads. None of Plaintiff's allegations rise to the level of a systemic constitutional violation.

In any event, this Court may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37,

ORDER DISMISSING FIRST AMENDED COMPLAINT ~ 6

45-46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). Abstention under *Younger* is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

A state criminal proceeding involves important state interests and Plaintiff has an adequate opportunity to present his claims of speedy trial and ineffective assistance of counsel claims under the Sixth and Fourteenth Amendments in state court appellate proceedings. *San Jose Silicon Valley*, 546 F.3d at 1092. Thus, because his criminal proceedings were ongoing at the time he filed suit, Plaintiff may not proceed in a § 1983 action at this time. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

Accordingly, IT IS HEREBY ORDERED:

1. The First Amended Complaint, ECF No. 21, is **DISMISSED** for failure to state a cognizable § 1983 claim, but **without prejudice** to Plaintiff pursuing appropriate state appellate and federal habeas relief.

2. Based on this Court's reading of *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016), this dismissal will NOT count as a "strike" under 28 U.S.C. § 1915(g).

3. All pending motions are denied as moot and hearing deadlines are stricken.

4. Plaintiff's *in forma pauperis* status is revoked.

5. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** December 10, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT ~ 8